LONNIE F. TARVER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tarver v. Commissioner
Docket No. 39060-86.
United States Tax Court
T.C. Memo 1989-123; 1989 Tax Ct. Memo LEXIS 123; 56 T.C.M. (CCH) 1535; T.C.M. (RIA) 89123; March 27, 1989. Lonnie F. Tarver, pro se. Blake W. Ferguson, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a) [1]
6653(b)(1)
6653(b)(2)
6654
1981
$ 11,979.00
$ 1,621.00
$ 5,989.50 *  $ 390.00
1982
12,156.00
1,584.00
6,078.00 ** 476.00
1983
6,720.00
1,506.00
3,360.00 ***
357.00
*124 In his answer, respondent admitted that the additions to tax determined under section 6651(a) were improper. (See section 6653(d), prohibiting cumulation of additions to tax for delinquency with additions to tax for fraud.) Further, the determination under section 6653(b)(2) for 1981 is erroneous as a matter of law. Respondent has conceded that the amounts determined for 1983 should be reduced to exclude from the computation nontaxable retirement pay received by petitioner. Because petitioner has made only frivolous arguments, the only issues remaining for decision are whether he is liable for additions to tax for fraud and whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Most of the material facts have been admitted by petitioner's failure properly to respond *125 to requests for admissions served by respondent. Petitioner was a resident of Lomita, California, at the time his petition was filed. On or about April 15, 1981, petitioner tendered to the Internal Revenue Service Forms 1040, U.S. Individual Income Tax Return, for 1979 and 1980. On each form, petitioner reported wages exceeding $ 33,000, marked by an asterisk. The asterisk referred to a note at the bottom of the page as follows: * Earned but not received; received only non-redeemable "Federal Reserve 'Notes'" On each Form 1040, petitioner reported taxable income as "none" and tax due as "none," and he claimed a refund of Federal income taxes withheld. During 1981, 1982, and 1983, petitioner received wages of $ 39,928.04, $ 42,652.00, and $ 17,632.83, respectively, from the Department of Transportation, Federal Aviation Administration. Petitioner failed to file income tax returns for 1981, 1982, or 1983. In January 1983, he submitted to his employer Forms W-4 on which he falsely claimed to be exempt from Federal income taxes. In 1985, petitioner was contacted by the Internal Revenue Service about his failure to file returns for 1981, 1982, and 1983. He responded by *126 sending to the Internal Revenue Service tax protester materials in which he claimed that he was not required to pay income tax because his wages were not income. In his petition filed herein in response to a notice of deficiency sent June 26, 1986, petitioner claimed that he was a "nontaxpayer" and set forth other frivolous arguments. Throughout the pendency of this case, he has filed a variety of frivolous documents and has failed and refused to set forth any facts concerning any deductions to which he might be entitled. OPINION With the exception of the additions to tax for fraud, petitioner has the burden of proving that respondent's determination is erroneous. , affg. a Memorandum Opinion of this Court; Rule 142(a). He has failed to show any error in the deficiencies determined for 1981 and 1982 or in the additions to tax determined under section 6654. Those adjustments, therefore, are sustained. During trial, petitioner pointed out that for 1983 he had received a "Statement for Federal Civil Service Annuitants" reporting payment of an annuity in the amount of $ 14,007 and showing the "taxable amount" *127 to be "none." The amount of $ 14,007 was included as taxable income in the adjustments forming the basis of the notice of deficiency. Respondent's counsel asserted that the statement might be in error and that the retirement pay might be subject to tax. Solely because of uncertainty as to the correct taxable income for 1983, the Court ordered seriatim briefs, with respondent filing the first brief. Respondent's brief began by conceding that the retirement income was not taxable and proceeded to discuss indicia of fraud in this case, the frivolity of petitioner's arguments, and pertinent authority. Petitioner's reply brief ignored all adverse precedents and persisted in his contention that he is a "nontaxpayer." He has shown no other error in respondent's determinations. See, e.g., . The 50 percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. . Respondent *128 has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. The existence of fraud is a question to be resolved upon consideration of the entire record. See generally . Failure to file tax returns, without more, is not proof of fraud. . Failure to file, however, may be considered in connection with other facts in determining whether an underpayment of tax is due to fraud, and failure to file may be viewed as conduct intended to conceal petitioner's noncompliance with the law. The burden on respondent to both locate and assess a delinquent taxpayer is, in a sense, greater than the verification of items reported on a filed return that may be false. See . In , *129 the Court of Appeals identified various indicia of fraud, including repeated failure to file returns, failure to report income known to be taxable, filing of false Forms W-4, failure to make estimated tax payments, failure to cooperate with revenue agents, and failure to maintain adequate records. Failure to file returns and the filing of false W-4 forms satisfies respondent's burden where nothing but frivolous arguments are offered as an excuse. ; . Criminal sanctions have been imposed in comparable situations. See, e.g., . The evidence in this case establishes a pattern of failure to file returns. Petitioner is intelligent and educated, and he claims to have studied the Internal Revenue Code and "a lot of Court cases." We do not believe that he thought that his wages were not taxable income. Petitioner's persistence in maintaining frivolous arguments despite citation of authority and warnings of respondent and the Court that they were meritless is evidence that he intended, by whatever *130 means, to evade the payment of taxes. The false withholding certificate tendered to his employer in 1983 is further evidence of this fraudulent intent. The additions to tax for fraud will be sustained. At the conclusion of the trial, the Court indicated uncertainty about whether damages would be awarded because of the confusion about the taxability of petitioner's retirement pay. In petitioner's reply brief, he ignored the authorities cited in respondent's brief and persisted in arguing that he was not a taxpayer and had no income subject to tax. There is no need to respond individually to each of his arguments. See . Petitioner continues to assert claims that are frivolous and groundless, and it is apparent that these proceedings have been instituted and maintained by petitioner primarily for delay. Damages shall be awarded to the United States in the amount of $ 5,000 under section 6673. To take account of respondent's concession, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on $ 11,979.00. ** 50 percent of the interest due on $ 12,156.00. *** 50 percent of the interest due on $ 6,720.00.↩